## Amy O. Schriner, Appellee, v. Robert Schriner, Appellant.

1. SEPARATE MAINTENANCE—*when lies.* Unjust accusations by a husband of undue intimacy on the part of his wife with other men and a continued repetition of such accusations is sufficient and adequate grounds to support a bill for separate maintenance.

2. SEPARATE MAINTENANCE—*what does not bar right.* The signing of a contract by a wife by which certain property interests are adjusted between her and her husband, does not bar a right to separate maintenance.

3. SEPARATE MAINTENANCE—*when award of alimony not excessive.* An allowance of $20 per month, *held,* not excessive where it appeared that the husband was possessed of a farm of the value of eight or nine thousand dollars, encumbered for $3,500, and was also possessed of personal property of the value of two or three thousand dollars, was able-bodied and capable of earning a good living.

Separate maintenance. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

R. G. HAMMOND and H. A. NEAL, for appellant.

A. C. ANDERSON and C. C. LEE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This was a bill filed by appellee against appellant for separate maintenance. The bill avers marriage, living together from 1890 to January 1, 1908; avers that the defendant accused complainant of being unlawfully intimate with divers persons; that he repeated such charges to divers persons in the neighborhood and threatened to kill complainant and himself; that complainant hid the revolver and defendant then threatened to shoot her with a shot gun; that she was compelled to leave and go to her sister's house and hide; that people in the neighborhood got out and watched him to prevent him from injuring complainant and himself; that defendant in the presence of several witnesses threatened to kill complainant; that on

account of the conduct of the defendant in accusing complainant of adultery and the threats made she could not safely reside with the defendant.

The answer of defendant denies all the material allegations of the bill as to accusing complainant of adultery or of threats against her.

A decree was rendered for complainant allowing her separate maintenance and decreeing that she be paid $20 per month.

Errors assigned are the court erred in rendering a decree in favor of complainant and that the amount allowed as alimony is excessive.

Upon the question that this decree is not supported by the evidence and that the evidence does not prove the allegations of the bill, while the evidence is somewhat conflicting, an examination of the evidence of the complainant, together with that of her father and mother, who testified in her behalf, and the admissions made by appellant in his cross-examination, can leave no room for doubt upon the question that appellant was accusing his wife with undue intimacy with other men, and that he had told various parties that she was unlawfully intimate with other parties, and that he had said that by reason of these matters he would not live with her.

Appellant denies that he made any accusations against his wife, accusing her of unchastity, but the evidence discloses that he did go to her father and mother and inform them that appellee was unlawfully intimate with George McDavid and that unless she ceased such practices that he would no longer live with her. The record further shows conclusively that he did so accuse her and inform various parties of the circumstances which are alleged to have taken place in the lane along a public highway and which is claimed to have been evidenced by the tracks along the highway and in the snow at the point it is alleged these two parties had stopped.

The evidence of appellant, and the witnesses who

testified concerning the facts and circumstances in connection with this matter as seen by them, for the purpose of showing his inferences were true, although no one saw appellee or the party at the place she is alleged to have been, refutes his denial that he did not accuse his wife of improper relations with other men; and the question of the preponderance of the evidence and what reliance could be placed upon this evidence was for the chancellor who heard these witnesses and saw them testify.

These accusations, if untrue, fully warrant the appellee in living separate and apart from her husband and the fact that a contract was drawn up by the attorneys, at his request, disposing of their personal effects and property, between appellant and appellee and which was signed by her, did not in any way bar her from asserting her rights by an action for separate maintenance. The contract is silent upon any agreement or intention to separate other than can be inferred by the division of the property.

While the evidence is conflicting as between appellee and appellant in regard to the threats made and exhibitions of the revolver, and of the statements made by him as to his threatening to kill her, the learned chancellor who heard this case below and saw the witnesses testify was better qualified to pass upon the veracity of the parties testifying and to determine whose evidence should be given the greater weight. The rule in chancery cases is, that where the evidence is conflicting and the witnesses have been examined orally in open court, before the finding of the chancellor should be reversed, the evidence must be clear and convincing that the finding is not warranted. This rule is announced in Ward v. Ward, 103 Ill. 482; Johnson v. Johnson, 125 Ill. 510, and Porter v. Porter, 162 Ill. 400. We cannot say that the finding is against the weight of the evidence in this case or that it is not supported by it.

Our Supreme Court has held in numerous cases that

unjust accusations by a husband of undue intimacy on the part of his wife with other men and a continued repetition of these accusations is sufficient and adequate grounds to maintain a bill for separate maintenance on the part of the wife. Ross v. Ross, 69 Ill. 573; Porter v. Porter, 162 Ill. 400; Johnson v. Johnson, 125 Ill. 510.

The allowance of twenty dollars a month by the chancellor to appellee is not excessive. Appellant was possessed of a farm to the value of eight or nine thousand dollars with encumbrance of thirty-five hundred dollars. He was possessed of personal property to the value of two or three thousand dollars, was able-bodied and capable of earning a good livelihood. We do not think the allowance was excessive and there being no error in this record, the decree rendered is affirmed.

*Affirmed.*